Terry W. STEWART, Petitioner–
Appellant

v.

Marcus MARTIN, Warden,
Respondent–Appellee.

No. 13–60194
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 8, 2013.

Terry W. Stewart, Yazoo City, MS, pro
se.

Before BENAVIDES, CLEMENT, and
OWEN, Circuit Judges.

PER CURIAM: *

Terry W. Stewart, federal prisoner
# 17057–075, appeals the district court's
dismissal of his 28 U.S.C. § 2241 petition
challenging his 2001 conviction in the
Western District of North Carolina on
multiple counts of conspiracy, mail fraud,
wire fraud, and money laundering. In his
petition, Stewart alleged that the trial
court violated his Sixth Amendment rights
when it quashed his subpoena of codefen-
dant Phillip Vaughan and denied his re-
quest to introduce Vaughan's hearsay
statements at trial. According to Stewart,
his claims were properly brought under
§ 2241 via the savings clause of 28 U.S.C.
§ 2255 because he was asserting a claim of
actual innocence.

A federal prisoner can proceed via
§ 2241 only if he shows that relief under
§ 2255 is inadequate or ineffective, which
in turn requires him to demonstrate under
the savings clause that his claim (i) is
based on a retroactively applicable Su-
preme Court decision which established
that he may have been convicted of a
nonexistent offense and (ii) was foreclosed
by circuit law at the time when the claim
should have been raised in his trial, direct
appeal, or first § 2255 motion. *Reyes-
Requena v. United States,* 243 F.3d 893,
904 (5th Cir.2001). Stewart has failed to
make the requisite showing. He has also
not shown that his claim of actual inno-
cence provides an exception to the require-
ment that a petitioner first satisfy the
savings clause of § 2255 in order to chal-
lenge his conviction and sentence in a
§ 2241 petition. Therefore, the district
court did not err in concluding that Stew-
art could not bring his claims in a § 2241
petition. *See Jeffers v. Chandler,* 253 F.3d
827, 830–31 (5th Cir.2001). The district
court also did not err in concluding that, to
the extent Stewart's petition could be con-
strued as a § 2255 motion, the court
lacked jurisdiction. *See* § 2255(a); *Solso-
na v. Warden, F.C.I.,* 821 F.2d 1129, 1132
(5th Cir.1987). Accordingly, the district
court's judgment is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.